UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN F. ELMORE, an individual, and on behalf of other similarly situated, ,<br><br>    Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A., a Delaware corporation,<br><br>    Defendant. | NO. 2:14-cv-00241-JLQ<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER |

    BEFORE THE COURT is the parties' Joint Stipulation re: Protective Order Governing Confidential Material (ECF No. 26).

    It is this court's general policy not to enter "blanket" protective orders. The Ninth Circuit Court of Appeals also does not generally approve of "blanket" protective orders. *See Foltz v. State Farm Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)(finding it could not sustain the district court's blanket protective order because the district court did not require a specific showing as to particular documents). Rule 26(c) provides that upon a showing of "good cause" the court may enter a protective order. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

    The proposed order assuredly states that the "[i]t does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under legal principles, and it does not presumptively entitle parties to file confidential information under seal." (ECF No. 26-1 at 3). However, it then broadly defines the scope of protection to "confidential material" and

ORDER - 1

additionally "(1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential materia; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential information." (ECF No. 26-1 at 3-4). No documents have been provided to the court for a determination of whether good cause exists for a protective order.

**IT IS HEREBY ORDERED:**

1. The Motion for Protective Order (ECF No. 26) is **DENIED**.

2. The parties are free to make agreements concerning the conduct and confidentiality of discovery, and apparently have so agreed. While the court will not enter a Protective Order without a particularized showing as to specific documents, the denial of court participation in the agreement between the parties shall not affect the validity of the agreements as between the parties. The parties have stipulated to terms and conditions to maintain the confidentiality of certain documents. Should the parties have need to file any of the documents with the court, they may file the documents under seal along with a motion to seal, and at that time the court will determine if it is appropriate to seal the documents. The parties shall also comply with Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order and furnish copies to counsel.

**DATED** this 6th day of November 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE